UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

FRED DANIEL MILLER

CIVIL ACTION

NO. 08-743-JJB-SCR

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a motion for summary judgment by the plaintiff, the United States of America (Doc. 8).  Defendant, Fred Daniel Miller, has not filed opposition.  There is no need for oral argument.  Subject matter jurisdiction in this matter is based upon 28 U.S.C. § 1331 and 31 U.S.C. § 3730(a).

### FACTUAL BACKGROUND

After Hurricane Katrina struck Louisiana in August of 2005, the Federal Emergency Management Administration (FEMA) provided funding for various disaster assistance programs to Louisiana and its residents.  On or about October 17, 2005, Miller submitted fraudulent applications for disaster unemployment assistance (DUA) benefits by means of interstate wire communication.  In his application, Miller falsely represented that he became unemployed as a result of the hurricane, when in fact he was an inmate and unemployed at the time the Hurricane struck.  As a result of his fraud, Miller obtained $3,822 in DUA payments.

In the proceeding entitled "United States of America  v. Fred Daniel Miller" Criminal Action No. 06-160-JJB, Langley was charged under 18 U.S.C. §1343 with wire fraud for making  the false claim described above.  On May 21, 2007, Miller plead guilty to making the false claim; and a Judgment was entered in the criminal case on February 14, 2008.

## ANALYSIS

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## I.   FALSE CLAIMS ACT

The government brings this civil action under 31 U.S.C § 3729, which states in pertinent part:

> **(a) Liability for certain acts**.--Any person who--
> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;...
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person, except that if the court finds that--
> (A) the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;
> (B) such person fully cooperated with any Government investigation of such violation; and
> (C) at the time such person furnished the United States with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation;
> the court may assess not less than 2 times the amount of damages which the Government sustains because of the act of the person.

Additionally, under 28 C.F.R. § 85.3(a)(9), the statutory minimum and maximum have been increased to $5,500 and $11,000, respectively, in accordance with inflation.

## II.    COLLATERAL ESTOPPEL

The plaintiff contends in its memorandum in support of the motion for summary judgment that the conduct at issue in this civil action is the identical conduct for which Miller was convicted in the Criminal Action.  Thus, the government contends that the defendant is precluded under the doctrine of collateral estoppel from contesting the instant action brought under the False Claims Act.

In *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1983), the Court stated that "collateral estoppel precludes litigating an issue if the identical question has been litigated in a prior suit which could not have been decided without its resolution... Because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action."  Consequently, the court agrees with the government that Miller's conviction on the false claims charge precludes him from denying his guilt as to the charges in the civil litigation at hand.

## III.  DAMAGES

The next question is whether defendant should pay double or treble damages.  The plaintiff contends in its memorandum in support of the motion for summary judgment that treble damages are appropriate in this case under the above quoted statutory criteria.  The court finds that the government's supporting affidavit supports this assertion.   As there is no dispute that the mitigating factors of 18 U.S.C. §3729 are not applicable herein, an award of treble damages is appropriate.

The government recognizes that it is not entitled to double recovery and that it must "cross credit" any payments made on the civil judgment against the criminal restitution

order and vice versa.  The supporting affidavit establishes that no restitution payments have been made by Langley.

Accordingly, the court finds that the government is entitled to treble damages in the amount of $11,466.  Additionally, under the statutes, defendant is liable for a mandatory penalty ranging from $5,500 to $11,000.  In this case, the court finds the a penalty of $5,500 is appropriate.

## CONCLUSION

Accordingly, the motion for summary judgment (Doc. 8) filed by the plaintiff is hereby GRANTED and judgment will be entered in favor of the plaintiff in the amount of $11,466 in treble damages and $5500 in statutory penalties, plus interest as permitted by law.

Baton Rouge, Louisiana, April 7th, 2009.


JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA